**Yong Hao CHEN, Petitioner,**

v.

**John ASHCROFT, Attorney General; Immigration and Naturalization Service, Respondents.**

No. 02–4103.

United States Court of Appeals, Sixth Circuit.

Dec. 8, 2003.

Scott E. Bratton, Margaret Wong & Associates, Cleveland, OH, for Petitioner.

Allen W. Hausman, Jamie M. Dowd, Michele Y.F. Sarko, David V. Bernal, U.S. Department Of Justice, Washington, DC, for Respondents.

Before GUY and GILMAN, Circuit Judges; and REEVES, District Judge.*

*ORDER*

Yong Hao Chen, a native and citizen of the People's Republic of China, petitions for review of a Board of Immigration Appeals (BIA) order that affirmed the decision of the Immigration Judge (IJ) to deny Chen's application for withholding of removal under the Convention Against Torture. *See* 8 U.S.C. § 1252. The parties are represented by counsel and have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Chen entered the United States in 1991 using a false Japanese passport. The Immigration and Naturalization Service began exclusion proceedings on January 13, 1991. Chen conceded deportability and applied for asylum and withholding of deportation. An IJ denied Chen's applications in March 1993 and ordered Chen deported. Chen did not appeal. In June 1999, he moved to reopen the proceedings

---

* The Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

to apply for protection under the Convention Against Torture. Chen alleged that government officials would torture him if he returned to China because he had vocally opposed China's one-child policy and had supported pro-democracy movements. The IJ held a hearing on May 3, 2001, denied Chen's motion, and reaffirmed the prior order of exclusion and deportation. The IJ found that Chen had presented no credible testimony to sustain his burden of proof. The BIA affirmed the IJ's decision without opinion. Chen filed a timely petition for review.

In his petition for review, Chen argues that: (1) he established that he suffered past persecution as a result of his political beliefs; and (2) that it is more likely than not that he will be tortured upon his return to China based on his political opinion and his violation of the one-child policy.

A decision denying a claim under the Convention Against Torture is conclusive unless manifestly contrary to law, and the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. 8 U.S.C. § 1252(b)(4)(B) and (C); *Ali v. Reno*, 237 F.3d 591, 596 (6th Cir.2001).

Upon review, we conclude that the petition for review must be denied. To be entitled to relief under the Convention Against Torture, the applicant must prove that it is more likely than not that he would be tortured if removed to the proposed country of removal. *Ali*, 237 F.3d at 596; 8 C.F.R. § 208.16(c)(2). Evidence relevant to the possibility of future torture includes evidence of past torture inflicted upon the applicant, evidence that the applicant could relocate to a part of the country of removal where he or she is not likely to be tortured, evidence of gross, flagrant, or mass violations of human rights within the country of removal, and other information regarding conditions in the country of removal. Section 208.16(c)(3). The testimony of the applicant, if credible, may be sufficient to sustain the burden of proof without corroboration. Section 208.16(c)(2).

The IJ's finding that Chen did not establish that he was entitled to withholding of deportation under the Convention Against Torture was supported by substantial evidence. The IJ found that Chen's testimony was not believable, consistent, or sufficiently detailed to support his claim, and that the inconsistencies went to the heart of his claim. *See de Leon–Barrios v. INS*, 116 F.3d 391, 394 (9th Cir.1997). The IJ pointed to discrepancies between Chen's applications for asylum, his testimony at the hearing, and a statement he gave in 1991. For example, although Chen claimed to have participated in the student demonstrations at Tiananmen Square in June 1989, it was not clear whether Chen was working or was a student at the time. More importantly, although Chen testified that he was beaten in May 1989, he did not say that in his 1991 statement or in his applications for asylum and withholding of removal. Additionally, Chen's 1991 statement was the only time that he mentioned any acts taken against family members that could be considered persecution. Having concluded that Chen was not credible, the IJ observed that Chen did not present any witnesses or evidence to corroborate his story. Chen's brother was in the United States but was not called to testify, nor did Chen submit an affidavit from him. Based upon our review of the record, the BIA's decision was not manifestly contrary to law. *See Ali*, 237 F.3d at 596.

For the foregoing reasons, the petition for review is denied.